IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRIDGET E. RICHARDS,** : | |
| : | Case No. 2:20-cv-5510 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Kimberly A. Jolson |
| **COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | |
| **Defendant.** : | |

## **OPINION & ORDER**

This matter comes before the Court on Plaintiff Richards's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendation that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision denying benefits. Upon *de novo* review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED**, the Report and Recommendation is **AFFIRMED**, and the Commissioner's determination is **AFFIRMED**.

### I.    BACKGROUND

Plaintiff filed her application for Supplemental Security Income on December 22, 2017, alleging disability beginning that day. (ECF No. 12, Tr. 331–39). Her application was denied initially and again on reconsideration, following a hearing before the Administrative Law Judge ("ALJ"). (*Id.*, Tr. 8–27). The Appeals Council denied Plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner. (*Id.*, Tr. 1–7). The relevant facts concerning Plaintiff's medical records, as well as the ALJ's opinion, are set forth in the Magistrate Judge's Report and Recommendation. (ECF No. 19).

Plaintiff filed this case on October 20, 2020, seeking review of the Commissioner's decision. (ECF No. 1). The Commissioner filed the administrative record on March 22, 2021 (ECF No. 12), and Plaintiff filed her Statement of Errors on May 6, 2021. (ECF No. 13). The Statement of Errors sought reversal on the ground that "[t]he ALJ violated 20 C.F.R. § 404.1520C when evaluating the opinions provided by Ms. Richards' treating psychologist, Dr. Mason." (*Id.* at 7).

On August 10, 2021, the Magistrate Judge issued a Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner. (ECF No. 19). Plaintiff filed one objection to the Magistrate Judge's findings, asserting again that the ALJ did not properly consider the mandatory factors of consistency and supportability when evaluating Dr. Mason's medical opinions. (ECF No. 20 at 2).

## II.     STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, a District Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

The Commissioner's findings are not to be reversed simply because there exists substantial record evidence to support an alternative conclusion. *Buxton v Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III. LAW AND ANALYSIS

Before this Court, Plaintiff asserts only one objection to the Report and Recommendation: that "the ALJ did not comply with 20 C.F.R. § 404.1520C by failing to properly consider whether the opinions by Dr. Mason were supported by the record and consistent with the record." (ECF No. 20 at 2). That regulation, governing how medical opinions are considered in Social Security proceedings, requires that the opinion be assessed for "supportability" and "consistency." 20 C.F.R. § 404.1520C(c)(1), (2). When the ALJ assessed those factors, she found Dr. Mason's opinions to be "extreme" and unsupported by the record—a finding which relied in part on the absence of medical treatment notes. (ECF No. 12, Tr. 21). Plaintiff contends that these conclusions were erroneous, resulting from the ALJ's failure to consider adequately Dr. Mason's opinions. (ECF No. 13 at 7). Plaintiff now raises two main points in her Objection: that the doctor did submit a detailed letter in lieu of notes, and that Plaintiff should not be faulted for her doctor's decision to withhold treatment notes. (ECF No. 20).

As to supportability, there is no indication that the ALJ failed to consider Dr. Mason's letter. His letter is listed as an exhibit to the ALJ decision (ECF No. 12, Tr. 27), and content of the letter is discussed near verbatim. *Compare id.*, Tr. 21 (ALJ Decision, stating that Plaintiff is "almost agoraphobic and fearful of others"), *with id.*, Tr. 951 (Letter, stating: "She is almost agoraphobic in nature . . . [and] is very fearful of others."). Evidently, the ALJ considered Dr. Mason's letter but declined to give it the same objective weight as a contemporaneous treatment

3

record. Using the language of the regulation, Dr. Mason's letter factored into the ALJ's analysis as "supporting explanations," though not as "objective medical evidence." *See* 20 C.F.R. § 404.1520C(c)(1). Therefore, the ALJ accurately could say that Dr. Mason's opinions "lack any objective support." (ECF No. 12, Tr. 21). It is not for this Court to "re-weigh the evidence." *Fitzwater v. Comm'r of Soc. Sec.*, 2021 WL 2555511, at *9 (N.D. Ohio June 4, 2021), *report and recommendation adopted*, 2021 WL 2550985 (N.D. Ohio June 22, 2021). The absence of treatment notes was substantial evidence to ground the ALJ's finding on supportability.

Second, the Magistrate Judge correctly observed that it is Plaintiff's responsibility to provide a complete record, especially in circumstances where she is represented by counsel. *See, e.g.*, *Watkins v. Astrue*, 2011 WL 4478487, at *6 (N.D. Ohio Sept. 26, 2011). Prior to the ALJ's decision, Plaintiff did not request that the ALJ keep the record open and did not suggest the record was incomplete for lack of treatment notes. Though Plaintiff does identify some barriers to obtaining these treatment notes herself (ECF No. 20 at 4–5), it was incumbent on her to identify the gap in the record if she wished for the ALJ to compel production. *See Campbell v. Comm'r of Soc. Sec.*, 2013 WL 1908145, at *8 (N.D. Ohio May 7, 2013) (Plaintiff cannot "rest on the record and later fault the ALJ for not performing a more exhaustive investigation").

Moreover, the consistency factor favors the Commissioner irrespective of supportability. The ALJ devoted the bulk of the analysis on Dr. Mason's opinion to its inconsistencies with the other evidence. The ALJ noted a discrepancy between the "agoraphobia" reported by Dr. Mason and Plaintiff's hearing testimony about her community activities and socialization. The ALJ also observed that the "symptoms of psychosis, paranoia, and delusion" discussed by Dr. Mason were inconsistent with Plaintiff's mental status examinations. (ECF No. 12, Tr. 21). These discrepancies were substantial evidence from which the ALJ reasonably could find an absence of consistency.

4

Even if Dr. Mason's letter were to be viewed as objective supporting evidence, as Plaintiff requests, the opinion still would be at odds with those other portions of the record.

In conclusion, this Court's independent review of the ALJ's findings and the record reveals that the ALJ's decision was supported by substantial evidence. Therefore, the ALJ's decision must stand.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Report and Recommendation and the Commissioner's determination both are **AFFIRMED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 16, 2021**